UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DEBORAH SCHULTE,

        Plaintiff,

  v.

CITY OF SACRAMENTO, SAMUEL L. JACKSON, THOMAS FRIERY, LYDIA ABREU, WILLIAM P. CARNAZZO, and BRETT M. WITTER,

        Defendants.

NO. CIV. 05-1812 WBS JFM

ORDER RE: COSTS

----oo0oo----

        On September 9, 2005, plaintiff Deborah Schulte brought suit against defendants City of Sacramento, Samuel L. Jackson, Thomas Friery, Lydia Abreu, William P. Carnazzo, and Brett M. Witter, alleging that her First Amendment rights were violated, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  While plaintiff's case was pending in this court, the United States Supreme Court held in <u>Garcetti v. Caballos</u>, 126 S.Ct. 1951, 1960 (2006), that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not

1

1  insulate their communications from employer discipline."
2         Subsequently, defendants filed a supplemental
3  memorandum to a pending motion to dismiss, arguing that the
4  <u>Garcetti</u> ruling foreclosed plaintiff's remaining federal claim.
5  Approximately two weeks later, plaintiff Deborah Schulte filed a
6  statement of non-opposition to defendants' supplemental
7  memorandum to their motion to dismiss.  Plaintiff then filed a
8  notice of voluntary dismissal without prejudice on June 20, 2006,
9  conceding that her sole remaining federal claim, a First
10 Amendment claim by a public employee who had made statements
11 pursuant to her official duties, was no longer viable.
12 Accordingly, this court no longer had federal question
13 jurisdiction over the case.
14        Defendants subsequently submitted a bill of costs
15 totaling $2,398.01.  Plaintiff objects to defendants' memorandum,
16 contending that there has not yet been a final determination on
17 the merits and that defendants should not receive "windfall
18 financing" of the state court proceedings to follow.  Pursuant to
19 28 U.S.C. § 1919, "[w]henever any action or suit is dismissed in
20 any district court . . . for want of jurisdiction, such court may
21 order the payment of just costs."  <u>See also</u> <u>Edward W. Gillen Co.</u>
22 <u>v. Hartford Underwriters Ins. Co.</u>, 166 F.R.D. 25, 28 (D. Wis.
23 1996) (noting that the court has discretion to award costs after
24 dismissal for lack of jurisdiction upon determining that such an
25 award would be just).[1]

---

27  [1]   Significantly, "unlike costs awarded under Rule 54,
28 costs awarded under 28 U.S.C. § 1919 are not subject to a
   presumption that they shall be awarded to a prevailing party."

2

1         Based on the caselaw existing at the time this action
2    was filed, a strong argument is made that plaintiff's federal
3    claim against defendants was not frivolous at that time.
4    Plaintiff later conceded this court's lack of jurisdiction over
5    her remaining federal claim promptly after receipt of defendants'
6    supplemental memorandum pointing out the recent decision in
7    <u>Garcetti</u>, arguably giving rise to a significant change in the
8    applicable constitutional law.  She additionally recognized that
9    this court lacked federal jurisdiction over the remaining state
10   law claims, and expressed her plan to re-file her remaining
11   claims in state court.  Significantly, depending on the outcome
12   of the state law claims, an award of costs could be made by the
13   state court at a later time.
14        Under these circumstances, this court would be hard-
15   pressed to determine that an award of costs to defendants is
16   just.  <u>See, e.g.</u>, <u>Tankship Intern., LLC v. El Paso Merchant</u>
17   <u>Energy-Petroleum Co.</u>, No. 04-753, 2006 WL 2349603, at *2 (D.
18   Conn. July 25, 2006) (finding costs under § 1919 unwarranted, in
19   part because the plaintiff's argument for subject matter
20   jurisdiction "was not frivolous or vexatious," and "the parties
21   remain[ed] in active litigation in state court, where the issue
22   of costs to the prevailing party [could] be determined"); <u>Chester</u>
23   <u>v. Nw. Iowa Youth Emergency Ctr.</u>, 158 F.R.D. 626, 631 (D. Iowa
24   1994) (noting that, although the federal claims in the complaint
25   had been dismissed, because plaintiff had cognizable state court
26   claims, "[a]warding defendants their costs at this point would
27   ─────────
28   <u>Edward W. Gillen Co.</u>, 166 F.R.D. at 27.

                                    3

amount to a windfall financing continuing litigation"). Accordingly, the court will not exercise its discretion to award defendant costs in this matter.

        IT IS THEREFORE ORDERED that the defendants' request for taxation of costs be, and the same hereby is, DENIED.

DATED:  October 19, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4